**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLACK, an individual<br><br>               Plaintiff,<br><br>     v.<br><br>NUTRIBULLET, L.L.C., A CALIFORNIA LIMITED LIABILITY COMPANY, CAPITAL BRANDS, L.L.C., A CALIFORNIA LIMITED LIABILITY COMPANY, HOMELAND HOUSEWARES, L.L.C., A CALIFORNIA LIMITED LIABILITY COMPANY, CALL TO ACTION, L.L.C., A CALIFORNIA LIMITED LIABILITY COMPANY, NUTRILIVING, L.L.C., AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>               Defendants. | Case No.  2:18-cv-05829-DDP (SSx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR *FORUM NON CONVENIENS***<br><br><br><br><br><br><br><br><br><br>[Dkt. 52] |

Presently before the Court is Defendants Nutribullet, LLC; Capital Brands, LLC; Homeland Housewares, LLC; Call to Action, LLC; and Nutriliving, LLC (collectively "Defendants")'s Motion to Dismiss for *forum non conveniens*.  Having considered the submissions of the parties and oral argument, the Court DENIES the motion.

## I. BACKGROUND

Plaintiff Elizabeth Flack ("Plaintiff") is a citizen and resident of New Zealand and brings this action against Defendants - all "California Limited Liability Compan[ies]" that "design, develop, formulate . . . supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names." (First Amended Complaint ("FAC") ¶ 2.)  Plaintiff also brings this action against Capital Bay Limited, Ningbo Sinolink Appliance Co. LTD, and Ningo Borine Electric Appliance Co. LTD - all private limited companies located in China.  (FAC ¶¶ 1-2.)  The latter named defendants are in the process of being served and are not parties to this motion.  (Opposition to Motion to Dismiss ("Opp.") at n.1.)

Plaintiff alleges that on July 10, 2016, while using Defendants' NutriBullet product at her home in New Zealand, the "canister separated from the blade assembly leaving the blades exposed" and caused "severe lacerations on her hand."  (FAC ¶¶ 13-14.)  Plaintiff alleges that she received treatment for her wounds at a "local emergency room." (FAC ¶ 14.)  She "contacted the Australian/New Zealand distributor regarding her injuries" and was told that the blenders were distributed "on behalf of [Defendant] Capital Brands, located in California."  (FAC ¶ 15.)  Plaintiff alleges the Australian/New Zealand distributor "required" her to send the product back so that "testing could be performed," on behalf of Defendant Capital Brands, which was "in control of, and [was] responsible for, the actions and inactions of its Australian/New Zealand distributor."  (FAC ¶ 15.)

Plaintiff's First Amended Complaint states the following causes of action: (1) Negligence, (2) Strict Liability, (3) Breach of Implied Warranty of Merchantability, and (4) Unfair Competition in Violation of Bus. & Prof. Code 17200, *et seq.*

Defendants now move to dismiss Plaintiff's First Amended Complaint under the doctrine of *forum non conveniens*.

///

///

2

## II. LEGAL STANDARD

The doctrine of *forum non conveniens* permits discretionary dismissals on a case by case basis. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981). Dismissal under the doctrine is a "drastic exercise of the district court's inherent power." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (internal quotations omitted). As such, "the standard to be applied [for a motion for dismissal on the ground of *forum non conveniens*] is whether . . . defendants have made a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be slight or nonexistent . . ." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983)).

The moving party bears the burden of demonstrating an adequate alternative forum and that the balance of private and public interest factors favors dismissal. *Carijano*, 643 F.3d at 1224. In balancing the interest factors, a district court must also consider the deference owed to a plaintiff's chosen forum. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001). The private interest factors include: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Lueck*, 236 F.3d at 1145. The public interest factors include: (1) the local interest of the lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum. *Id.* at 1147.

///

///

///

## III. DISCUSSION

### A. Adequate Alternative Forum

Defendants contend that New Zealand is an adequate alternative forum because all served defendants are amenable to process in New Zealand, they have all consented to personal jurisdiction there, and New Zealand's "products liability law provides Plaintiff with a remedy." (Motion to Dismiss ("MTD") at 6.) Defendants also contend that New Zealand's insurance program, the Accident Compensation Act ("ACA"), provides a satisfactory remedy for Plaintiff's complained of wrong.[1] (Reply at 3.)

Plaintiff argues that not all defendants have consented to personal jurisdiction in New Zealand because the "Chinese parties have not appeared." (Opp. at 5.) Plaintiff added these entities in her First Amended Complaint and has begun the process of serving these defendants. (Opp. at n.1.) Plaintiff contends that these unserved defendants must also consent to personal jurisdiction for Defendants to demonstrate an adequate alternative forum. Additionally, Plaintiff argues that New Zealand provides no remedy for personal injuries. (Opp. at 11.) Plaintiff argues that she would be "left with no forum for her lawsuit" because New Zealand is a "no-fault jurisdiction" that instituted a "governmentally backed insurance program." (Opp. at 5.)

A foreign forum is generally adequate where the defendants demonstrate first, that they are amenable to process in the foreign jurisdiction and second, that the jurisdiction offers a satisfactory remedy. *Piper*, 454 U.S. at 254-55; *Carijano*, 643 F.3d at 1225. Each of these inquiries is addressed separately below.

///

///

---

[1] Defendants' motion also cites two statutes, New Zealand's Fair Trading Act of 1986 and the Consumer Guarantees Act of 1993, as the statutes that provide Plaintiff a remedy. (MTD at 7.) Defendants essentially conceded during oral argument that these statutes do not apply to this matter.

### 1. Amenable to Process

Defendants can show they are amenable to process if they agree to submit to personal jurisdiction in the foreign forum. *Carijano*, 643 F.3d at 1225. Where there are multiple defendants, an adequate forum will only exist if all defendants are shown to be amenable to process. Courts in the Ninth Circuit have not addressed whether named defendants that have not been served must also be shown to be amenable to process. The Southern District of New York found that it need "only consider those parties over which it currently exercises jurisdiction." *Fasano v. Juoqing Li*, No. 16 CIV. 8759 (KPF), 2017 WL 6764692, at *8 (S.D.N.Y. Dec. 29, 2017).

This Court also finds that where there are unserved defendants it need only consider the defendants over which it currently has jurisdiction. The Court agrees with the analysis in *Fasano*. Therefore, the Court will limit its analysis to the parties over which it has jurisdiction. All Defendants who have entered an appearance here have consented to personal jurisdiction in New Zealand.

### 2. Satisfactory Remedy

The second inquiry to determine an adequate alternative forum, is whether the forum provides an adequate remedy. Showing a satisfactory remedy is also not difficult. A foreign forum's remedy may be satisfactory even if the recovery is a less favorable recovery; only a remedy that is practically no remedy at all will be deemed inadequate. *Piper*, 454 U.S. at 247, 254.

The Ninth Circuit and other courts have reviewed New Zealand's ACA in the context of *forum non conveniens* and have determined that the ACA provides an adequate administrative remedy. *See Lueck*, 236 F.3d at 1145. The *forum non conveniens* analysis does not look to the precise source of remedy nor does it require the alternative forum to offer a *judicial* remedy. *Id.* at 1145 (emphasis added). Although Plaintiff could not bring this exact suit, New Zealand provides an administrative remedy for the alleged personal injuries in this case. Plaintiff has not shown that this administrative remedy is so "clearly

inadequate . . . that it is no remedy at all." *Piper*, 454 U.S. at 254. Therefore, the fact that the Plaintiff could not bring this lawsuit in New Zealand is insufficient to deem the ACA inadequate.

### B. Plaintiff's Choice of Forum

Defendants argue that Plaintiff's choice of forum requires less deference because she is a foreign plaintiff. (Reply at 6.) Plaintiff argues that her chosen forum should not be disturbed "unless the 'private interest' and 'public interest' factors . . . strongly favor trial in the foreign country." (Opp. at 10.) Additionally, she argues that "all the decisions concerning the companies' handling of Ms. Flack's incident and injuries were made in California," and "all the Defendants' fact witness [sic] reside in Los Angeles." (Opp. at 12.)

There is generally a strong presumption in favor of plaintiff's choice of forum. *Piper*, 454 U.S. at 255. This presumption applies with less force where there is a foreign plaintiff. *Id.* However, "[l]ess deference is not the same thing as no deference." *Ravelo*, 211 F.3d at 514. Additionally, any concern there might be about forum shopping are lessened when a plaintiff has chosen the defendant's home jurisdiction and a forum with a strong connection to the subject matter of this case. *Id.*

Plaintiff is a foreign citizen and has chosen Defendant's home forum which has a substantial relation to this matter. Balancing the lessened deference that a foreign plaintiff enjoys against the fact that the forum here is Defendants' home forum with a substantial relation to this matter, the Court finds Plaintiff's choice of forum is neutral.

### C. Private Interest Factors

The private interest factors a district court considers are, the residence of the parties and the witnesses; the forum's convenience to the litigants; access to physical evidence and other sources of proof; whether unwilling witnesses can be compelled to testify; the cost of bringing witnesses to trial; the enforceability of the judgment; and all

other practical problems that make trial of a case easy, expeditious and inexpensive. *Lueck*, 236 F.3d at 1145.

> 1. *Residence of the Parties and Witnesses; Forum's Convenience to the Litigants; Access to Physical Evidence and Other Sources of Proof; and Unwilling Witnesses*

The focus of Defendants' motion to dismiss is in the forum's convenience, access to physical evidence and other sources of proof, and whether unwilling witnesses can be compelled to testify. Defendants and Plaintiff focus on different evidence and witnesses. Defendants focus on the alleged injury, the relief sought, and the evidence necessary to determine damages. Defendants contend that Plaintiff and her "family and friends, her employer, and treating physicians are located in New Zealand" and cannot be compelled by the Court to appear for deposition or testimony. (MTD at 9.) Defendants add that "[w]hile plaintiff's employment records would be subject to discovery requests in an action brought in this court, her employers would not be subject to deposition should defendant decide such a deposition is necessary." (MTD at 9.)

Plaintiff's focus is on her theories of liability and the evidence required for her causes of action. Plaintiff argues that "[a]ll evidence in this case, other than medical records and treating physicians, are in Los Angeles." (Opp. at 7.) Plaintiff argues that evidence such as Defendants' business records, the subject machine, witnesses within the Defendants' companies, and the "tortious activities, specifically marketing and distributing the Nutribullet blenders," are in Los Angeles. (Opp. at 13-14.) In short, evidence of Plaintiff's alleged harm is in New Zealand and evidence of Defendants' alleged wrongdoings are in Los Angeles.

Courts focus on the "materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine[] their accessibility and convenience to the forum." *Lueck*, 236 F.3d at 1146 (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-

36 (9th Cir.1984)).  To determine accessibility, district courts may look to whether the parties themselves are in control of the disputed evidence.  *See id.* at 1146-47.

In *Lueck*, plaintiffs were New Zealand citizens injured in a plane crash in New Zealand.  *Lueck*, 236 F.3d at 1140-01.  Most of the defendants were American corporations responsible for manufacturing parts of the landing gear.  *Id.* at 1142.  The Ninth Circuit considered the relevant private interest factors and determined that much of the evidence was in control of the parties and could be brought to either forum.  *Id.* at 1146.  The private interest factors were not in equipoise, however, because the New Zealand government was in control of some of the evidence and it could not be brought to the United States forum.[2]  *Id.* at 1146-47.  The court concluded that the private interest factors weighed in favor of dismissal.

Here, parties and witnesses reside in both New Zealand and Los Angeles. Defendants are all California limited liability companies with their principal place of business in Los Angeles, while Plaintiff is a resident and citizen of New Zealand. Defendants' corporate representatives are in Los Angeles and Plaintiff's treating doctors and employer are in New Zealand.  Although Plaintiff's treating doctors and employers cannot be compelled to testify or be deposed, Plaintiff's medical and employment records are under Plaintiff's control and can be brought to this forum.  Similarly, the evidence and witnesses Plaintiff seeks to use are all under Defendants' control and can equally be taken to New Zealand.

Plaintiff has agreed to make herself and "other percipient witnesses who may testify on her behalf . . . available in California for deposition and trial."  (Opp. at 9.) Defendants fail to demonstrate how the New Zealand witnesses make New Zealand a

---

[2] In *Lueck*, similar proceedings against the defendants were already underway in New Zealand.  *Id.* at 1147.  Given the existence of related proceedings, it was even more clear that the private interest factors weighed in favor of dismissal.  *Id.*

more convenient forum than Los Angeles, where Plaintiff alleges Defendants committed the wrongdoings.  Defendants, aside from brief conclusory assertions, have not demonstrated how these factors weigh in favor of New Zealand as the more suitable forum.  The factors here are in equipoise.

   2.   *Cost of bringing Witnesses to Trial; Enforceability of the Judgment; Other Practical Problems*

Defendants contend that a New Zealand judgment is enforceable under the Uniform Foreign Money-Judgments Recognition Act.  (MTD at 10.)  Defendants additionally assert that "trial of Plaintiff's claims will be most expeditious and least expensive in New Zealand . . . [and that] a New Zealand jury is far better equipped to evaluate the evidence in light of New Zealand common law."  (MTD at 10.)  Plaintiff contends that her claims cannot be pursued at all because "New Zealand prohibits personal injury lawsuits of this type."  (Opp. at 5.)

Defendants fail to provide any supporting evidence for their assertions of an expeditious and less expensive process in New Zealand.  Neither party sufficiently addressed the cost of bringing witnesses to trial nor did they discuss any other practical problems.  Additionally, as discussed above, New Zealand's administrative remedy is not a judicial remedy.  Thus, the enforceability of a New Zealand judgment is not a factor to consider here.

The Court finds the relevant private interest factors are overall neutral.

**D.  Public Interest Factors**

The public interest factors courts consider are, the local interest of the lawsuit; the court's familiarity with governing law; burden on local courts and juries; congestion in the court; and the costs of resolving a dispute unrelated to this forum.  *Lueck*, 236 F.3d at 1175.

///

///

9

### 1. Local Interest in the Lawsuit

Defendants argue that there is no local interest in this lawsuit because "the injury occurred in New Zealand to a New Zealand citizen." (MTD at 11.) Plaintiff counters that California has a significant interest because "the state must ensure that California companies are held to justice when they injure innocent consumers." (Opp. at 8.)

The local interest factor looks at whether the forum has "its own identifiable interest in the litigation which can justify proceeding" despite burdens presented by the other public interest factors. *Carijano*, 643 F.3d at 1232. California courts have a significant interest "in deciding actions against resident corporations whose conduct in this state causes injury to persons in other jurisdictions." *Id.* at 1232-33 (quoting *Stangvik v. Shiley Inc.*, 819 P.2d 14, 21 n.10 (1991)).

The Court agrees that California has a significant identifiable interest in this case. Defendants are all California limited liability companies with their principal place of business in California. Plaintiff's causes of action for negligence, strict liability, breach of implied warranty of merchantability, and unfair competition, involve conduct that allegedly occurred in California. (FAC at 6.) Defendants have not shown or disputed that the wrongful conduct has no ties to California. Although they argue the product was manufactured in China, (MTD at 5), this does not negate that some alleged wrongful conduct may have occurred in California, for example, the product's design.

The local interest factor weighs against dismissal.

### 2. Court's Familiarity with Governing Law

Defendants appear to argue that New Zealand's law will apply in this litigation. (MTD at 12.) Defendants motion briefly discusses California's three-step test to choice of law issues. (MTD at 11-12.) Defendants fail to adequately provide the Court with briefing on the choice of law issue. Additionally, Plaintiff argues that Defendants, via their Nutriliving website, have a California choice of law provision. (Opp. at 6.) Defendants did not address this argument in the Reply.

At this stage, it is unclear whether New Zealand or California law will apply. No party sufficiently briefed this factor. Therefore, the Court declines to consider the choice of law issue. *See Carijano*, 643 F.3d at 1148.

The Court finds this factor neutral.

### 3. Burden on Local Courts and Juries and Congestion in the Court

Defendants argue that New Zealand's courts are "much less congested" than California courts and that hearing the case will "unfairly burden California jurors." (MTD at 13.) Plaintiff did not address these factors in her Opposition.

The Court is already handling seventeen other Nutribullet cases, therefore already has familiarity with the subject matter. Therefore, the Court finds this factor neutral.

### 4. Costs of Resolving a Dispute Unrelated to the Forum

The parties did not sufficiently address this factor. The Court finds this factor neutral.

After weighing the relevant private and public interest factors, the Court finds that the factors are neutral. The Court finds that Defendants have not met their burden of demonstrating such "vexation and oppression" as to persuade this Court to dismiss for *forum non conveniens*.

## IV. CONCLUSION

The Court declines to dismiss this case for *forum non conveniens*. Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: 12-4-18

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

11