UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLACK, an individual )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NUTRIBULLET, L.L.C., a California )<br>Limited Liability Company, CAPITAL )<br>BRANDS, L.L.C., a California Limited )<br>Liability Company, HOMELAND )<br>HOUSEWARES, L.L.C., a California )<br>Limited Liability Company, )<br>NUTRILIVING, L.L.C., and DOES 1 )<br>through 10, inclusive, )<br>)<br>Defendants. )<br>)<br>) | Case No. 2:18-cv-05829-DDP (SSx)<br><br>**ORDER DENYING DEFENDANTS' MOTION REGARDING CHOICE OF LAW**<br><br>[Dkt. 65] |

Presently before the court is Defendants Nutribullet, LLC; Capital Brands, LLC; Homeland Housewares, LLC; Call to Action, LLC; and Nutriliving, LLC (collectively "Defendants")'s motion regarding choice of law. Having considered the submissions of the parties and oral argument, the court DENIES the motion.

**I. BACKGROUND**

Plaintiff Elizabeth Flack ("Plaintiff") is a citizen and resident of New Zealand. (First Amended Complaint ("FAC") ¶ 1.) Plaintiff brings this action against Defendants - all "California Limited Liability Compan[ies]" that "design, develop, formulate . . . supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names." (FAC ¶ 2.) Plaintiff also brings this action against Capital Bay Limited, Ningbo Sinolink Appliance Co. LTD, and Ningo Borine Electric Appliance Co. LTD - both private limited companies located in China. (FAC ¶¶ 1-2.) The latter named defendants are in the process of being served and are not parties to this motion.

Plaintiff alleges that on July 10, 2016, while using Defendants' NutriBullet product at her home in New Zealand, the "canister separated from the blade assembly leaving the blades exposed" and caused "severe lacerations on her hand." (FAC ¶¶ 13-14.) Plaintiff alleges that she received treatment for her wounds at a "local emergency room." (FAC ¶ 14.) She "contacted the Australian/New Zealand distributor regarding her injuries" and was told that the blenders were distributed "on behalf of [Defendant] Capital Brands, located in California." (FAC ¶ 15.) Plaintiff alleges the Australian/New Zealand distributor "required" her to send the product back so that "testing could be performed" on behalf of Defendant Capital Brands, which was "in control of, and [was] responsible for, the actions and inactions of its Australian/New Zealand distributor." (FAC ¶ 15.)

The First Amended Complaint states the following causes of action: (1) Negligence, (2) strict liability for failure to warn, manufacturing defect, and design defect, (3) breach of implied warranty of merchantability, and (4) unfair competition in violation of Bus. & Prof. Code 17200, *et seq.*

On December 4, 2018, the court denied Defendants' motion to dismiss for *forum non conveniens*. Defendants now move for an order determining that Plaintiff's claims for relief for compensatory and punitive damages must be determined under New Zealand law and not under California law.

2

## II. LEGAL STANDARD

A court sitting in diversity applies the choice of law rules of the state in which it sits. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000). This court, sitting in diversity, applies California choice of law rules. California courts apply the three step "governmental interest" test to decide choice of law questions. *Id.* at 934. First, the court must decide whether the substantive law of each jurisdiction "differ[s] as applied to the relevant transaction." *Id.* (citing *Liew v. Official Receiver and Liquidator*, 685 F.2d 1192, 1196 (9th Cir. 1982)). Second, "if the laws do differ, the court must determine whether a true conflict exists in that each of the relevant jurisdictions has an interest in having its law applied." *Id.* (internal quotations omitted); *McCann v. Foster Wheeler LLC*, 225 P.3d 516, 529 (2010). "If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a 'false conflict' and the law of the interested jurisdiction is applied." *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1422 (9th Cir. 1989), *as amended on reh'g* (Apr. 28, 1989). Third, "if more than one jurisdiction has a legitimate interest, . . . [the court] focuses on the 'comparative impairment' of the interested jurisdictions." *Id.* "At this stage, the court seeks to identify and apply the law of the state whose interest would be the more impaired if its law were not applied." *Abogados*, 223 F.3d at 934 (citations and quotations omitted).

Further, distinct claims for relief that implicate different alignments of interests, require separate applications of the governmental interest analysis. *Id.* (citing *Beech Aircraft Corp. v. Superior Court*, Cal. Rptr. 541, 550 (1976)). "California will apply its own law unless it is shown that there is a compelling reason to displace forum law." *Brown v. McDonnell Douglas Corp.*, 504 F. Supp. 514 (1980).

## III. DISCUSSION

Defendants argue that New Zealand law should apply to Plaintiff's claims for relief for compensatory and exemplary damages. The court discusses each of these claims for relief under the three-step governmental interest test separately below.

3

**A. Compensatory Damages**

   *1. Whether the Jurisdictions' Substantive Law Differs*

The parties agree that in the first step of the governmental interest analysis, New Zealand's and California's substantive law for compensatory damages differ. (Motion to Dismiss "MTD" at 10; Opposition "Opp." at 5.) New Zealand does not permit personal injury claims for compensatory damages where the personal injury is covered under the New Zealand Accident Compensation Act ("ACA").[1] *McGougan v. Depuy International Limited* (2018) NZCA 91 at [21] (citing Accident Compensation Act 2001, s 317(1) (N.Z.)). New Zealand's ACA provides "direct compensation for loss of earnings, medical treatment, rehabilitation, and permanent impairment . . . to all persons having suffered personal injury in New Zealand absent any determination of fault or liability by the court." Accident Compensation Act, s 69. In New Zealand, injured persons receiving compensation under the administrative ACA scheme are not permitted to seek relief for compensatory damages through litigation. *See id.* California, in contrast, recognizes claims of personal injury for compensatory damages through litigation. Cal. Civ. Code § 3333. Because the substantive laws in New Zealand and California differ, the court's analysis centers on step two, the identified interests of the relevant jurisdictions as to compensatory damages, and on step three, determining which jurisdictions' interests would be more impaired if its laws were not applied.

///
///
///

---

[1] The court takes judicial notice of exhibits 1-5 of Defendants' request for judicial notice. Dkt. 66. Under Rule 44.1 of the Federal Rules of Civil Procedure, "the court may consider any relevant material or source . . . whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. Civ. P. 44.1. However, "nothing requires the court to conduct its own research into obscure sources." *McCann*, 225 P.3d at n.10.

## 2. *The Respective Jurisdictions' Interests*

At step two, the court "examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists." *McCann*, 225 P.3d at 527.

Defendants contend that New Zealand is the only jurisdiction with a true interest in applying its law to this case. (MTD at 11.) Defendants identify two New Zealand interests. First, New Zealand's interest to "spread the economic consequences of negligent conduct across the community and provide for rehabilitation and compensation regardless of fault." (MTD at 11-12 (quoting *McGougan*, NZCA at [28])). To accomplish this goal, persons who suffer injuries in New Zealand relinquish their rights to sue in exchange for receiving entitlements from the community. *McGougan*, NZCA at [28]. Second, "New Zealand has a compelling governmental interest in applying its laws to injuries that occur within its borders to a New Zealand citizen residing in New Zealand." (MTD at 12). California, Defendants contend, "has no interest in extending out of state (or out of country) residents greater rights than are afforded them by the state (or country) of their domicile," nor does California have a governmental interest "in how international injury claims are remedied." (MTD at 12.) Defendants argue that the "only conceivable California governmental interest would be to deter businesses operating in California from placing products on the market that may potentially injure foreign users." (MTD at 12.)

Based on the materials submitted by Defendants, the court accepts Defendants' characterization of New Zealand's interest to provide compensation regardless of fault. Section 3 of New Zealand's ACA states:

> The purpose of this Act is to enhance the public good and reinforce the social contract . . . by providing for a fair and sustainable scheme for managing personal injury that has, as its overriding goals, minimizing both the overall incidence of

5

> injury in the community, and the impact of injury on the
> community (including economic, social, and personal costs).

In *McGougan*, the New Zealand Court of Appeals noted that New Zealand was concerned that "only a small number of accident victims received adequate or any compensation through an action for damages at common law." *McGougan*, NZCA at [26]. The report on which the ACA is based, found that "a no-fault scheme with low administration costs would channel much of those funds to victims, rather than participants in the common law system such as insurers and lawyers." *Id.* New Zealand's interest applies to the case at bar because Plaintiff is a citizen of New Zealand who was injured in New Zealand. New Zealand has an interest in providing Plaintiff compensation without assessing fault.

New Zealand also has an interest in applying its laws to injuries that occur within its borders. In *McGougan*, the New Zealand Court of Appeals stated that "international principles favour the place of injury over the place of manufacture." *McGougan*, NZCA at [59] (footnote omitted). Moreover, California courts have also held that "with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." *Abogados*, 223 F.3d at 935. While Plaintiffs allege that much of the wrongful conduct occurred in California, (FAC ¶ 6 ("[California] is where many of the unlawful acts which caused Plaintiff's harm took place, specifically the designing, developing, formulating, manufacturing, testing, packaging, promoting, labeling, advertising, marketing, instructing on, warning about, distributing . . .")), the injury itself occurred within New Zealand's borders. Therefore, New Zealand also has an interest in applying its law to Plaintiff's injury.

The court disagrees with Defendants' argument that California has no interest in this case. California has a "strong interest in regulating the conduct of manufacturers who produce products in this state which cause injury to persons in other jurisdictions. [collecting cases]. This interest, . . . is to deter negligent conduct . . . ." *Stangvik v. Shiley*

6

*Inc.*, 819 P.2d 14, 23 (Cal. 1991). Five defendants in this case, all parties to this motion, are California Limited Liability Companies. (FAC ¶ 2.) Further, Plaintiff has alleged that much of the wrongful conduct occurred in California, "specifically the designing, developing, formulating, manufacturing, testing, packaging, promoting, labeling, advertising, marketing, instructing on, warning about, [and] distributing . . ." (FAC ¶ 6). Therefore, California has an interest in applying its law to the alleged wrongful conduct of its corporate citizens.

Defendants cite to *Howe v. Diversified Builders, Inc.*, to contend that "California has no interest in extending out of state (or out of country) residents greater rights than are afforded them by the state (or country) of their domicile." (Opp. at 12.) However, in *Howe*, the plaintiff was injured in Nevada, the contract under which he worked was entered into in Nevada, the services performed were in Nevada, and any burdens by reason of incapacity would fall on the state of Nevada. *Howe v. Diversified Builders, Inc.*, 69 Cal. Rptr. 56, 59 (1968). The court there determined that there were no California interests other than the defendant corporations happened to be California corporations. *Id.* In contrast here, Plaintiff has alleged that the California defendant entities, amongst other things, designed, tested, formulated, labeled, and warned about the alleged defective products in California. (FAC ¶ 6.) Unlike the misconduct alleged in *Howe*, none of which occurred in California, here, there are allegations of misconduct occurring in California. Defendants quotation to this single sentence within *Howe* is unpersuasive. While Plaintiff would be afforded more rights under California law than under New Zealand law, Plaintiff has identified a California interest sufficient to permit the court to determine whether California's interest would be more impaired should this court apply New Zealand law.

Having determined that New Zealand and California have legitimate interests in the application of their respective laws in this case, the court next analyzes which jurisdiction's interest would be more impaired if its law were not applied.

7

### 3. *Comparative Impairment*

At step three, courts must "carefully evaluate [ ] and compare[ ] the nature and strength of the interest of each jurisdiction in the application of its own law 'to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state.'" *McCann*, 225 P.3d at 533 (quoting *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 922 (Cal. 2006)).

Defendants argue that California's interest to deter negligent conduct by its corporate citizens would not be impaired because "the [tortious] conduct that allegedly occurred in California took place in the aftermath of Plaintiff's injury and is therefore irrelevant to any governmental interests of liability or deterrence." (Opp. at 13.) Defendants sole argument for impairment is, in essence, that nothing of importance took place in California. The court is not persuaded. Defendants ignore the fact that Plaintiff alleges that the "designing, developing, formulating, manufacturing, testing, packaging, promoting, labeling, advertising, marketing, instructing on, warning about, [and] distributing . . ." occurred in California. (FAC ¶ 6). California's interest in deterring tortious conduct within its borders is significant. *See Stangvik*, 819 P.2d at 23. California's interest would be significantly impaired if this court were to apply New Zealand's law because New Zealand law bars lawsuits seeking compensatory damages. The present lawsuit would need to be stayed or dismissed. This is not a case of pure application of foreign law because that law is inexplicably intertwined with a compensation scheme. Therefore, California courts would have no ability to apply New Zealand law. The effect of applying New Zealand law to this case would be dismissal.

New Zealand's interest, in contrast, to provide compensation via the ACA without a determination of fault and without funds being subject to claims by lawyers, would not be significantly impaired. The court is not aware of any authority that demonstrates New Zealand disfavors plaintiffs electing to pursue remedies in foreign jurisdictions that carry potentially greater risks but possibly greater benefits. Based on the materials

8

provided by Defendants, it seems unlikely that New Zealand would object to a plaintiff that wishes not to pursue those purported benefits and makes an election to proceed with traditional litigation in California. The ACA and *McGougan*, demonstrate that New Zealand's interest is primarily to ensure that all injured persons receive compensation. *See supra* Part III.A.2. To the extent that individuals chose to litigate here in California, any compensation received could only relieve New Zealand of the financial burden of providing payment of funds.

The ACA contemplates that individuals may elect what Plaintiff has done here, which is seek compensation in a foreign jurisdiction. The ACA provides that individuals who do receive recovery in a foreign jurisdiction must pay back a portion of their recovery, if the individual also received compensation under the ACA. The ACA statute recognizes "the reality that New Zealand legislation cannot control the conduct of foreign courts, and that persons who have cover under the [ACA] may obtain compensation in a foreign jurisdiction under foreign law. In those circumstances [the ACA] through the claimant, may take the opportunity to recover what [the ACA] has spent by enforcing the right of action overseas." *McGougan*, NZCA at [47]. While this provision in the ACA statute does not mean that New Zealand is indifferent to its residents pursuing claims in foreign jurisdictions, it does lead to the inference that New Zealand's interests would not be significantly impaired should a foreign jurisdiction apply its own law and not New Zealand law.

A possible New Zealand interest could be to limit liability for defendants. In *McCann*, the California Supreme Court emphasized that a "jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders [citations], and in being able to assure individuals and commercial entities operating within its territory that applicable limitations on liability set forth in the jurisdiction's law will be available to those individuals and businesses in the event they are faced with litigation in the future." *McCann*, 225 P.3d at 534. The court in *McCann* considered whether

9

Oklahoma's or California's law would apply to a claim to recover damages for mesothelioma allegedly caused by exposure to asbestos in Oklahoma. *Id.* at 518. Oklahoma's statute of limitations limited the claim to ten years, while California's statute was a date of discovery rule. *Id.* The court held that Oklahoma's interests would be more impaired because applying California law would prevent Oklahoma from providing reasonable assurances that the time limitation in its law would protect businesses in the future. *Id.* at 534.

Here, in contrast, the New Zealand case submitted by Defendants seems to indicate that New Zealand's ACA scheme is not concerned with limiting liability for defendants conducting business in New Zealand. The New Zealand Court of Appeals stated in *McGougan*:

> The social contract[, the ACA,] is not between the government and those whose activities have the potential to cause personal injury. It is between the government and the New Zealand [people] . . . the purpose of the bar is not to protect persons who have contributed to the funding of the scheme, but rather to maintain a scheme through various funding sources for the benefit of all persons who suffer injuries in New Zealand. The manner in which compensation under the [ACA] is funded is ancillary.

*McGougan*, NZCA at [35]. Therefore, it is not apparent whether New Zealand, like Oklahoma in *McCann*, has a substantial interest in protecting commercial entities from uncertainty in liability. As Defendants bear the burden of demonstrating that New Zealand's law holds such an interest and would be significantly impaired, and have not done so, the court finds that California's interest in deterring wrongful conduct by its resident businesses would be more impaired if New Zealand law were to apply in this case.

///

///

10

### B. Punitive and Exemplary Damages

#### 1. *Whether the Jurisdictions' Substantive Law Differs*

New Zealand permits claims for exemplary damages for negligence claims, however, New Zealand law "imposes [ ] the precondition of subjective recklessness . . . ." *Couch v. Attorney General* (2010) 3 NZLR 149 at [2]. The New Zealand Court of appeals has noted that "New Zealand Courts are conservative in their approach to exemplary damages, reserving them for cases of truly outrageous conduct which cannot be adequately punished in any other way." *Ellison v. L* (1997) 1 NZLR 416 at [35] (citations omitted). California also permits exemplary damages. Under California law, exemplary damages are awarded when "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice . . ." Cal. Civ. Code § 3294(a). Relevant here, malice is "conduct intended by the defendant to cause injury," oppression is "despicable conduct . . . in conscious disregard" of a person's rights. *Id.* § 3294(c)(1)-(2). Defendants have not sufficiently briefed this court as to how "subjective recklessness" under New Zealand law differs from "intent" or "conscious disregard" under California law when the laws are applied. Having failed to demonstrate that the laws differ, the court finds that the laws are substantially the same.

For the reasons set forth above, the court concludes that California law applies.

## IV. CONCLUSION

Defendants' motion for this court to apply New Zealand law is denied.

**IT IS SO ORDERED.**

Dated: April 12, 2019

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

11