O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLACK, an individual | ) Case No. 2:18-cv-05829-DDP (SSx) |
| Plaintiff, | ) **ORDER DENYING DEFENDANTS'** |
| v. | ) **MOTION TO CERTIFY** |
| | ) **CONTROLLING QUESTION OF** |
| NUTRIBULLET, L.L.C., a California | ) **LAW** |
| Limited Liability Company, CAPITAL BRANDS, L.L.C., a California Limited Liability Company, HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Company, CALL TO ACTION, L.L.C, a California Limited Liability Company, NUTRILIVING, L.L.C., and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) [Dkt. 74] |

Presently before the court is Defendants Nutribullet, LLC; Capital Brands, LLC; Homeland Housewares, LLC; Call to Action, LLC; and Nutriliving, LLC (collectively "Defendants")'s Motion to Certify Controlling Question of Law Pursuant 28 U.S.C. § 1292(b) ("Motion"). Having considered the submissions of the parties and the arguments therein, the court DENIES the motion.

**I. BACKGROUND**

The court assumes the parties' familiarity with the factual background of this case which has been recounted in the court's prior orders. (See Dkts. 77, 85.) As relevant here, Plaintiff Elizabeth Flack ("Plaintiff") is a citizen and resident of New Zealand. (First Amended Complaint ("FAC") ¶ 1.) Plaintiff brings this action against Defendants - all "California Limited Liability Compan[ies]" that "design, develop, formulate . . . supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names." (FAC ¶ 2.) Plaintiff alleges that on July 10, 2016, while using Defendants' NutriBullet product at her home in New Zealand, the "canister separated from the blade assembly leaving the blades exposed" and caused "severe lacerations on her hand." (FAC ¶¶ 13-14.)

On December 4, 2018, the court denied Defendants' motion to dismiss. (Dkt. 61.) On March 1, 2019, Defendants moved for an order determining that New Zealand law applied to this action. (Dkt. 65.) On April 12, 2019, the court issued an order denying Defendants' motion concluding that California law applied under California's governmental interest test. (Dkt. 71.) Defendants now move for an order certifying the choice-of-law question for immediate appeal under 28 U.S.C. § 1292(b).

**II. LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), district courts may grant certification for interlocutory appeal where the court determines that (1) a controlling issue of law is involved, (2) there is a "substantial ground for difference of opinion" as to the controlling issue of law, and (3) an immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where all of these elements are met, district courts have discretion to deny certification for interlocutory appeal. *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552-LB, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016). The party seeking certification bears the burden "of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the

2

entry of a final judgment." *Fukuda v. Los Angeles Cty.*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (internal quotation and citation omitted).

**III. DISCUSSION**

There is no dispute here that the underlying choice-of-law Order involves a controlling question of law and that an immediate appeal may materially advance the litigation. (Motion "Mot." at 10, 17; Opposition "Opp." at n.1.) The parties disagree, however, whether there is substantial ground for difference of opinion on the controlling question of law. Defendants argue that there is substantial ground for difference of opinion because reasonable jurists might disagree with this court's "comparative impairment" analysis. (Mot. at 11.) Defendants identify cases where, according to Defendants, courts have "in fact[ ] disagreed with this Court." (Mot. at 11-12.) Plaintiff on the other hand, argues that Defendants' arguments are the same as those made for the underlying motion and do not demonstrate a substantial ground for difference of opinion. (Opp. at 5-6.)

To determine whether substantial difference of opinion exists, "courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks and citation omitted). Similarly, substantial ground for difference of opinion "exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). However, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

3

Here, there is no substantial ground for difference of opinion because the controlling law at issue is clear. California's governmental interest test is settled, and the court's comparative impairment analysis considered the relevant jurisdictions' interests, including the predominant interest placed on the place of the wrong, and considered which jurisdiction's interests would be more impaired. (Dkt. 71 at 6.) Indeed, Defendants do not contend that the controlling law is unclear, or that the choice of law issue presents novel and difficult questions, instead, Defendants argue that substantial ground for difference of opinion exists because courts have disagreed with this court on the choice-of-law issue. (Mot. at 11-12.)

The various cases Defendants identify to support their position are lacking. The first case identified, *McGougan v. Depuy Int'l Ltd.*, is a New Zealand opinion discussing Great Britain's dismissal of a product liability case where the alleged injuries occurred in New Zealand and the alleged defective product was manufactured in England. (2018) NZCA 91. *McGougan* is a foreign, non-binding decision and therefore does not demonstrate actual disagreement. *See Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (holding that "single, non-binding, advisory opinion by a division of California Attorney General's office is not 'substantial' ground for disagreement as to the controlling law."). Defendants also point to *Lueck v. Sundstrand Corp.* and contend that the 9th Circuit affirmed a *forum non conveniens* dismissal because "under Arizona law, New Zealand law would apply to personal injury claim[s] arising out of [an] accident in New Zealand." (Mot. at 12 (citing 236 F.3d 1137 (9th Cir. 2001)). Defendants misstate the 9th Circuit's holding. In *Lueck*, the 9th Circuit did not decide whether New Zealand law or Arizona law would apply because the court determined that "there is no arguably applicable law that would end the forum non conveniens inquiry [in this case] . . . ." *Lueck*, 236 F.3d at 1148 (citations omitted). In other words, choice-of-law was not an issue decided in *Lueck*. Defendants discussion of *Tucci v. Club Mediterranee, S.A.*, 107 Cal. Rptr. 2d 401 (2001) and *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) is also

4

of no avail to demonstrate actual disagreement. Like *Tucci*, and *Mazza*, the court's underlying order here properly accounted for the place of injury's predominant interest, however, this court reached a different conclusion at the comparative impairment step because the interests implicated were different than those in *Tucci* and *Mazza*. *See* Dkt. 71, at 8 (comparing California's interest in deterring tortious conduct with New Zealand's interest in providing compensation without litigation); *Tucci*, 107 Cal. Rptr. 2d at 190-91 (comparing California's interest in assuring maximum workers' compensation benefits with Dominican Republic's interest in providing limited and predictable legal liability to employers); *Mazza*, 666 F.3d at 593-94 (comparing in a nationwide putative class action California's interest in regulating businesses within its borders with numerous states' interest in calibrating liability to foster commerce.)

Because Defendants have not satisfied the second element under 28 U.S.C. § 1292(b), the court declines certify the choice-of-law issue for interlocutory appeal. Further, this case does not present exceptional circumstances to depart from the general policy of postponing appellate review.

**IV. CONCLUSION**

For the reasons set forth above, Defendants' motion to certify a controlling question of law for immediate appeal is Denied.

**IT IS SO ORDERED.**

Dated: June 21, 2019

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

5