1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
10    **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
11

| | |
|---|---|
| 12 ELIZABETH FLACK, an individual; | Case No.: 2:18-cv-05829-DDP (SSx) and related cases |
| 13       Plaintiff, | |
| 14    vs. | |
| 15 | **AMENDED JOINT CASE MANAGEMENT ORDER** |
| 16 NUTRIBULLET, L.L.C., a California Limited Liability Company, CAPITAL BRANDS, L.L.C., a California Limited Liability Company, HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Company, CALL TO ACTION, L.L.C., a California Limited Liability Company, NUTRILIVING, L.L.C., a California Limited Liability Company, and DOES 1 through 10, inclusive, | |
| 24       Defendants | |

28    **TO THE HONORABLE COURT:**

Plaintiffs, through their counsel, Abir Cohen Treyzon Salo, LLP, and Defendants NutriBullet, LLC, Capital Brands, LLC, Homeland Housewares, LLC, Nutriliving, LLC, and Call to Action, LLC (collectively "Defendants"), through their counsel, Yoka & Smith, LLP and Lewis Brisbois, LLP, submit the following Joint Case Management Order ("CMO"):

**1.    SCOPE OF CMO**

This CMO covers all related cases to the instant matter (i.e. *Beebe v. NutriBullet, et al.*, Case No.: 2:17-cv-00828 DDP (SSx).

**2.    DISCOVERY**

**a)    Fact Discovery**.   Fact discovery shall proceed pursuant to the provisions of the Federal Code of Civil Procedure unless otherwise specifically provided herein or in subsequent pretrial case management orders.

i) Each Plaintiff will prepare and verify under penalty of perjury answers to the attached Fact Sheet (attached to this Order as **Exhibit 1**), and produce the documents requested therein within 30 days of service of the Answer.  **Exhibit 1** is not intended to preclude Defendants from serving any additional discovery they deem necessary, which is not duplicative of the information provided by each Plaintiff in Exhibit 1.

In an effort to avoid duplication, Plaintiff Fact Sheets shall be in lieu of Plaintiff separately serving Initial Disclosures pursuant to Rule 26(a)(1). Notwithstanding the foregoing, Plaintiff's obligations under Rule 26(a)(1)(A)(i), (ii) and (iii) shall apply with the same force and effect to the Plaintiff's Fact Sheets.  The parties agree that all rules applying to Initial Disclosures, shall apply with the same force and effect to the Plaintiff's Fact Sheets, unless expressly modified herein. (See section XII, below).

Each Plaintiff will update and supplement their Fact Sheets, and documents accompanying the Fact Sheets, as new information and or documents becomes known to them.   Plaintiff's ongoing obligations to supplement his/her Initial

Disclosures under Rule 26(e) *et seq*. remains in full force and effect.

ii)  Each Plaintiff will execute a written Authorization (attached to this Order as **Exhibit 2**) for every healthcare provider he/she has seen in connection with his/her care and treatment for injuries and damages sought through the Complaints. These Authorizations will be limited in scope to body parts and injuries placed at issue in the litigation, and limited in time to five years before the date of the subject incident to the present day.  If Defendants believe that relevant medical information may exist for body parts and injuries placed at issue in the litigation more than five years before the subject incident, the Court will consider Defendants' request for such information beyond the five-year time period.

To the extent that any of Plaintiff's healthcare providers are located more than 100 miles from the Court or are out of the country, and they refuse to voluntarily provide copies of the requested records to Defendants based only on the Authorization signed by Plaintiff, this Court will issue all necessary Commissions or Orders, without a formal motion, to allow Defendants to compel the production of such requested documents in the appropriate jurisdictions.  Nothing herein shall preclude Defendants from obtaining records from healthcare providers not identified in response to Plaintiffs' Fact Sheet or through written discovery.  Subject to the limitations placed on time, injuries, and body parts placed at issue in litigation, within ten (10) days of a written request by Defendants, each Plaintiff will sign all Authorizations for subsequently identified or disclosed healthcare providers and will provide such signed Authorizations to counsel for Defendants within that ten (10) day period.  Plaintiffs' counsel will be provided with a copy of all records obtained by Defendants through these Authorizations.

The above referenced Authorization (Exhibit 2), shall be produced within 30 days of service of the Answer, or from the date of the signing of this Order, whichever is later.

iii)  To the extent any Plaintiff is making a claim for loss of earnings or loss

of earning capacity, each such Plaintiff will execute a written Authorization (attached to this Order as **Exhibit 3**) for each and every employer he/she has had for a period of 10 years before the subject incident to the present.  If any health information regarding body parts, medical conditions, or injuries not placed at issue by the Plaintiff's litigation is included in Plaintiff's employment records then such records shall be excluded from the Authorization.  If, however, a Plaintiff's employment records contain information that the Plaintiff was unable to work for any period of time due to a physical or medical condition or injury and/or that Plaintiff was on disability during the seven years prior to the subject incident, Defendants shall be entitled to such information and the cause of Plaintiff's inability to work during that time.  To the extent Plaintiffs' employers are located more than 100 miles from the Court or are out of the country and refuse to voluntarily provide copies of the requested records to Defendants based only on the Authorization signed by Plaintiff, this Court will issue all necessary Commissions or Orders, without a formal motion, to allow Defendants to compel the production of such requested documents in the appropriate jurisdictions.  Nothing herein shall preclude Defendants from obtaining records from employers not identified in response to any Plaintiff's Fact Sheet or through written discovery.  Each Plaintiff will sign Authorizations for subsequently disclosed or discovered persons or entities for which any plaintiff claims a loss of earnings and will provide such signed authorizations to counsel for Defendants.  Plaintiff shall sign the Authorizations for subsequently disclosed or discovered persons or entities no later than twenty (20) days of discovering these persons.  Plaintiffs' counsel will be provided with a copy of all records obtained by Defendants through these Authorizations.

The above-referenced executed written Authorizations (Exhibit 3) are due within 30 days of service of the Answer, or from the date of the signing of this Order, whichever is later.

iv)  Simultaneous with Defendants' fact discovery, Plaintiffs may serve their

- 4 -

written discovery upon Defendants.  Each Defendant will respond to the discovery requests and produce documents within 30 days.

**b) Defendants' Initial Disclosures**.  Defendants' Initial Disclosures shall be due 30 days from the date their Answer is filed, or from the date of the signing of this Order, whichever is later.

**c) <u>Protective Order.</u>**  At such time as the Parties agree on, or the Court orders the use of, a particular Protective Order, each Plaintiff shall execute and serve the Protective Order upon Defendants' counsel along with the initial discovery propounded by Plaintiff.  Upon receipt of the executed Protective Order Defendants shall file a fully executed copy with the Court within five (5) court days in each case. Defendants shall not be obligated to respond to any portion of Plaintiff's discovery which calls for information protected as "Confidential" or "Attorneys' Eyes Only" until and unless Plaintiff has provided the executed Protective Order to Defendants and the Court has signed and entered the Protective Order in the case in which the documents or information is to be produced.

**d)  <u>Production of Subject Product.</u>**

Plaintiff shall produce high-resolution photographs of the subject product, including the serial number within 30 days of service of the Answer, or from the date of the signing of this Order, whichever is later.  This shall not apply to subject products that the Defendants have already photographed.

Additionally, all subject products not already visually inspected by Defendants shall be made available for visual, non-destructive inspection at the offices of Plaintiffs' counsel on a mutually agreeable date on or before the thirtieth day after this Order is signed.  Experts or consultants shall be permitted to attend this visual inspection at the election of the parties.  In the event counsel for Defendants asserts any subject product is not an authentic product, Defendants' counsel will notify Plaintiffs' counsel in writing the reasons that Defendants claim the product is not authentic with sufficient specificity for Plaintiffs to independently

1   verify the product's authenticity.

2        With regard to all cases filed subsequent to the signing of this Order, Plaintiff

3 shall make the subject product available for visual non-destructive inspection as

4 described above within 45 days of a Defendant's appearance in the case, or 30 days

5 from the date of the signing of this Order, whichever is later.

6        Any proposed custodial or destructive testing of a subject product shall be

7 permitted only with leave of Court or by stipulation of the Parties.

8       **Preservation of Evidence.**     While the products are still in the possession

9 of the respective Plaintiff, the following Order regarding Preservation of Evidence

10 shall apply: Plaintiffs' counsel shall advise each Plaintiff that they shall maintain

11 and preserve unchanged all physical evidence, including the subject NutriBullet

12 product at issue, including all component parts, for inspection, photographing,

13 testing and use, if necessary, at trial. This duty to preserve evidence includes the

14 duty not to destroy, discard, alter or modify in any manner any evidence related to

15 the incident that is the subject of Plaintiff's lawsuit, and to maintain the evidence in

16 the same manner and condition as it existed during and immediately following the

17 subject incident, including but not limited to (1) the particular NutriBullet product

18 referenced in each Plaintiff's complaint, including all component parts. Plaintiffs'

19 counsel shall advise each Plaintiff that, if Plaintiffs have not already done so,

20 Plaintiffs shall not clean, wash or in any way remove any ingredients, residue or

21 other matter from the product or any of its component parts, such that the post-

22 incident condition of the product and all component parts shall be fully and

23 completely preserved; (2) all packaging for the subject product(s); (3) all printed

24 materials that accompanied the subject product(s), including all User Guides, Recipe

25 Books, NutriBullet Life Changing Recipes, Pocket Nutritionist materials, Quick-

26 Start Guide, and warranty registration cards; and (4) receipts of any kind related to

27 the subject product(s), including the purchase of the subject products. Defendants

28 shall abide by the above conditions during the course of any custodial possession.

**e)** **Expert Discovery.** Unless otherwise ordered by the Court, the expert discovery cut off, designations, rebuttal designations shall follow the schedule attached as (**Exhibit** 4). Expert reports shall be mutually exchanged at the time of initial expert designation.

Defendants shall have priority in the taking of expert depositions. The deposition of each expert designated by Plaintiff on a particular issue shall take place before the deposition of the corresponding expert on the same issue designated by Defendants.

## 3.    DEPOSITIONS AND FURTHER WRITTEN DISCOVERY

Depositions and further written discovery shall be conducted following the schedule attached as Exhibit 4.

## 4.    MEDICAL EXAMINATIONS

In cases where a Plaintiff has alleged multiple separate and distinct injuries and/or medical conditions resulting from the subject incident, Defendants shall be entitled to one medical examination for each such distinct injury and/or medical condition put at issue.

Plaintiffs are entitled to contest multiple examinations by motion as necessary.

## 5.    MODIFICATION OF CASE MANAGEMENT ORDER

All dates set forth in this Case Management Order may be extended for good cause shown, upon stipulation of the Parties, or by Order of the Court. Good cause shall include, but not be limited to, delay in scheduling depositions, continuation of noticed depositions, delay in receipt of records, and resolution of good faith discovery disputes.

## 6.    TRIALS

Trials shall be conducted according to the schedule attached as Exhibit 4.

Date:  December 27, 2019

_____

Dean D. Pregerson
United States District Court Judge

- 7 -

**EXHIBIT 1**

**PLAINTIFF FACT SHEET**

**PRODUCT IDENTIFICATION AND EXPOSURE FACT SHEET**

Each Plaintiff shall complete this Fact Sheet, including all of the questions asked, and produce all of the documents requested.  Plaintiff's response to this Fact Sheet must be verified under penalty of perjury in accordance with California law.

**INSTRUCTIONS**

In completing this Fact Sheet, it is expected that Plaintiff(s) will fully and completely respond to each question and will provide all of the information available to him/her and his/her counsel that is sought by each question.   The questions should be read broadly.  If Plaintiff(s) does not know the answer to any question, he/she must state that he/she does not know the answer.  To the extent Plaintiff(s) cannot completely answer any question, he/she must provide whatever information is available to him/her and his/her counsel.  As to any information sought by the question which Plaintiff(s) and his/her counsel do not know, they must identify what part of the question he/she and his/her counsel cannot answer. This Fact Sheet does not seek (1) the identity of any consulting experts or (2) the opinions and conclusions of any consulting experts.  Plaintiff(s) is not required to identify any consulting experts or disclose any opinions of consulting experts in response to this Fact Sheet; however, Plaintiff(s) must disclose all facts responsive to this Fact Sheet.  If Plaintiff(s) is withholding information in response to any question based on a claim of privilege, or work product protection, he/she must indicate the privilege or protection claim in response to the question.

**DEFINITIONS**

"INCIDENT" includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action, as alleged in Plaintiff's complaint.

"SUBJECT PRODUCT" refers to the specific NutriBullet product identified in

Plaintiff's complaint which Plaintiff claims caused his/her injuries, including all of its component parts.

"PERSON" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

"DOCUMENT" means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, Photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

"ADDRESS" means the street address, including the city, state, and zip code.

"HEALTH CARE PROVIDER" includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

**Please attach as many sheets of paper as necessary to fully and completely answer these questions**.

## I.   BACKGROUND INFORMATION

1.   Name:

    a.   Maiden or other names used or by which you have been known and dates:

2.   Present street address:

    a.   Residence addresses for the previous 10 years, if different from current address.

3.   Social Security Number:

4.   Date of Birth:

5.   Have you ever served in any branch of the U.S. Military?

    Yes _____          No _____

If yes, please state:

    a.   Branch and dates of service:

     b.     Were you discharged for any reason relating to your health or physical condition?

     Yes_____     No_____

     6.     Have you ever been rejected from military service for any reason relating to your health or physical condition?

     Yes_____     No_____

If yes, state the condition:

     7.     Have you filed a worker's compensation claim within the last 10 years?

     Yes_____     No_____

If yes, please state:

     a.  Year claim was filed:

b.     Where claim was filed:

c.     Claim/docket number, if applicable:

d.     Nature of disability:

e.     Period of disability:

(Attach additional sheets if necessary to describe more than one claim)

     8.  Have you filed a Social Security disability claim within the last 10 years?

Yes _____          No_____

If yes, please state:

        a.  Year the claim was filed:

b.      Where claim was filed:

c.      Claim / Docket number, if applicable:

(Attach additional sheets if necessary to describe more than one claim)

9.   Have you filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury within the last 10 years?

Yes _____          No_____

If yes, please state:

a.      Year the claim or action was filed:

b.      The court in which the claim or action was filed:

c.      Case /Docket number:

(Attach additional sheets if necessary to describe more than one action)

10. Have you ever been convicted of a felony?

Yes _____          No_____

If yes, please state:

a.    Year of conviction:

b.    The court in which the conviction occurred:

c.    The Penal Code sections of which you were convicted:

**II.    <u>FAMILY INFORMATION</u>**

A.    Are you currently married?

Yes_____          No_____

2.    Has your spouse filed a loss of consortium claim?

Yes_____          No_____

3.    Spouse's name:

4.    Spouse's date of birth:

5.    Spouse's occupation:

6.    Do you have children?

Yes_____          No_____

If yes, state the name and date of birth of each child:

1.    Name:

Date of birth:

H.    Name:

Date of birth:

I.    Name:

Date of birth:

J.     Name:

Date of birth:

Provide the same information for any additional children.

## III.     PRODUCT IDENTIFICATION AND INCIDENT

1. Date of Incident:

2. SUBJECT PRODUCT Name:

3. SUBJECT PRODUCT Model Number:

4. Serial number for the SUBJECT PRODUCT:

   a. Please produce a high-resolution photograph of the serial number on the bottom underside of the motor base of the SUBJECT PRODUCT.

5. SUBJECT PRODUCT supplier (i.e., vendor which sold the SUBJECT PRODUCT to Plaintiff(s) or owner of the SUBJECT PRODUCT Plaintiff(s) was using at the time of the INCIDENT):

6. Describe the SUBJECT PRODUCT and its packaging (including type and size of packaging, and other identifying characteristics such as any names, words, numbers or pictorials, i.e., number and letter combinations):

7. Name/address of each location where Plaintiff(s) used the SUBJECT PRODUCT prior to the INCIDENT:

   a. Address:

   b. Dates:

8. Identify each person who witnessed or who has knowledge about each time Plaintiff(s) used the SUBJECT PRODUCT:

   a. Date(s) Plaintiff(s) used SUBJECT PRODUCT:

   b. Location(s) Plaintiff(s) used SUBJECT PRODUCT:

     c.  Name of Witness:

     d.  Last Known Address:

     e.  Last Known Telephone No:

     f.  Summary of what each such third-party witness will testify to.

9. Describe the frequency and duration of each occasion Plaintiff(s) used the SUBJECT PRODUCT:

     a.  Date(s):

     b.  Frequency (per day and days per week or month):

     c.  Duration (hours per day):

10. Describe in detail the manner/method in which Plaintiff(s) allegedly used the SUBJECT PRODUCT at each location:

11. Describe in detail what the SUBJECT PRODUCT was used for:

12. Identify the location (i.e., department/jobsite) where the SUBJECT PRODUCT was used:

13. Identify all documents relating to the SUBJECT PRODUCT:

14. Specify the particular manner in which you contend the SUBJECT PRODUCT caused Plaintiff's injury:

15. Please state in detail the sequence of events starting from your preparation of each individual ingredient used in the recipe referenced in your complaint to the time of the INCIDENT.

16. State the temperature of each individual ingredient used in the recipe identified in your complaint immediately before it was placed into the SUBJECT PRODUCT.

17. State how much time each individual ingredient used in the recipe identified in your complaint had to cool before it reached the temperature identified in your response to 15.

18. State how you measured the quantity of each individual ingredient used

in the recipe identified in your complaint at the time of the INCIDENT.

19. Please state the quantity of each individual ingredient used in the recipe identified in your complaint at the time of the INCIDENT.

20. What size cup from the SUBJECT PRODUCT did you use in preparation of the recipe identified in your complaint at the time of the INCIDENT?

21. What blade holder from the SUBJECT PRODUCT did you use in preparation of the recipe identified in your complaint at the time of the INCIDENT?

22. At the time of the INCIDENT, how long was the SUBJECT PRODUCT activated prior to the accident alleged in your complaint?

## IV.   **EMPLOYMENT**

Identify each of Plaintiff's employers for the past 10 years and provide the requested information for each employer.

1. Employer Name:

2. Date(s) of employment:

3. Address/Telephone number. of employer:

4. Address of jobsite(s):

5. Date(s) at each jobsite:

6. Job title(s):

7. Job duties and responsibilities:

8. Date(s) of job title(s):

9. Location within facility where worked:

10. Products used in job responsibilities:

11. Supervisor(s):

12. Your starting wage/salary and final wage/salary at each Employer identified

in Question 1.

## V.   LOST EARNINGS

A.   Do you attribute any loss of income or earning capacity to the accident?

Yes_____          No_____

If yes, please state:

      a.  The last date before the accident that you worked:

      b.  Your gross monthly income at the time of the accident:

      c.  The date you returned to work after the accident, if applicable:

      d.  The dates you did not work and for which you lost income:

      e.  The total income you have lost to date as a result of the accident:

      f.  If you believe you will lose income in the future as a result of the accident, state

how long you will be unable to work and the basis for such time period.

## VI.   INJURIES

1.   Do you attribute any physical, mental, or emotional injury to the accident?

Yes_____          No_____

If yes, state the following:

a.    Identify each injury you attribute to the accident and the area of your body affected:

    2.  Do you claim that you have suffered a mental or emotional injury over and above that is usually associated with the physical injuries claimed as a result of the accident?

Yes_____          No_____

3.    For each HEALTH CARE PROVIDER who has provided any medical attention for any injury you claim you sustained as a result of the INCIDENT, please state:

a.    The name and ADDRESS of the PERSON who treated you:

b.                    The dates the treatments occurred:


**VII.   CURRENT MEDICAL CONDITION**

1.    Do you currently suffer from any physical injuries, illnesses, or disabilities (other than those you claim were caused by the INCIDENT that is the subject of your lawsuit)?

Yes_____          No_____

If yes, please state the following:


    a.  Identify the injury, illness, or disability and date of onset:

b.    By whom first diagnosed:

2.    At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT?  If so, for each state:

a.    a description of the complaint or injury:

b.    the dates it began and ended; and

c.    the name, ADDRESS, and telephone number of each HEALTH CARE

PROVIDER whom you consulted or who examined or treated you.

3.     List all physical, mental, and emotional disabilities you had immediately before the INCIDENT.  (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

4.     At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages?  If so, for each incident giving rise to an injury state:

a.     the date and the place it occurred;

b.     the name, ADDRESS, and telephone number of any other PERSON involved;

c.     the nature of any injuries you sustained;

d.     the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and

e.     the nature of the treatment and its duration.

## VIII.  **PROPERTY DAMAGE**

1.     Do you attribute any loss of or damage to any property to the INCIDENT? If so, for each item of property:

a.     describe the property;

b.     describe the nature and location of the damage to the property;

c.     state the amount of damage you are claiming for each item of property and how the amount was calculated; and

d.     if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

2.     Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory?  If so, for each estimate or evaluation state:

a.    the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;

b.    the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and,

c.    the amount of damage stated.

3.    Has any item of property referred to in your answer to Question 2 been repaired?  If so, for each item state:

a.    the date repaired;

b.    a description of the repair;

c.    the repair cost;

d.    the name, ADDRESS, and phone number of the PERSON who repaired it;

e.    the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

**IX.    PRIOR CLAIMS**

1.    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries?  If so, for each action, claim, or demand state:

a.    the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;

b.    the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

c.    the court, names of the parties, and case number of any action filed;

d.    the name, ADDRESS, and telephone number of any attorney representing you;

e.    whether the claim or action has been resolved or is pending; and

f.    a description of the injury.

2.     In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

a.     the date, time, and place of the INCIDENT giving rise to the claim;

b.     the name, ADDRESS, and telephone number of your employer at the time of the injury:

c.     the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;

d.     the period of time during which you received workers' compensation benefits;

e.     a description of the injury;

f.     the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and

g.     the case number at the Workers' Compensation Appeals Board.

## X.     <u>CONTENTIONS</u>

1. If you contend that Defendants are liable to Plaintiff on a theory of defective design of the SUBJECT PRODUCT, please state, with specificity, how and in what manner the design was defective.

2. If you contend that Defendants are liable to Plaintiff on a theory of defective design of the SUBJECT PRODUCT, please state, with specificity, the manner by which the alleged defect caused, in whole or in part, Plaintiff's alleged injuries.

3. Please identify all PERSONS (excluding consultants and experts retained by or on behalf of responding party) with knowledge of any facts that relate to your contention that Defendants are liable to plaintiff on a theory of defective design of the SUBJECT PRODUCT.

4. Please identify all DOCUMENTS (excluding materials prepared by

consultants and experts retained by or on behalf of responding party) which relate to your contention that Defendants are liable to Plaintiff on a theory of defective design of the SUBJECT PRODUCT.

5. Please identify all PERSONS (excluding consultants and experts retained by or on behalf of responding party) with knowledge of any facts that relate to the manner by which any alleged design defect caused, in whole or in part, Plaintiff's alleged injuries.

6. Please identify all DOCUMENTS (excluding materials prepared by consultants and experts retained by or on behalf of responding party) which relate to the manner by which any alleged design defect caused, in whole or in part, Plaintiff's alleged injuries.

7. If you contend that Defendants are liable to Plaintiff on a theory of defective manufacture of the SUBJECT PRODUCT, please state, with specificity, how and in what manner the SUBJECT PRODUCT was defectively manufactured.

8. If you contend that Defendants are liable to Plaintiff on a theory of defective manufacture of the SUBJECT PRODUCT, please state, with specificity, the manner by which the alleged manufacturing defect caused, in whole or in part, the alleged failure of the SUBJECT PRODUCT.

9. Please identify all PERSONS (excluding consultants and experts retained by or on behalf of responding party) with knowledge of any facts that relate to your contention that Defendants are liable to Plaintiff on a theory of defective manufacture of the SUBJECT PRODUCT.

10. Please identify all DOCUMENTS (excluding materials prepared by consultants and experts retained by or on behalf of responding party) which relate to your contention that Defendants are liable to Plaintiff on a theory of defective manufacture of the SUBJECT PRODUCT.

11.  Please identify all PERSONS (excluding consultants and experts retained by or on behalf of responding party) with knowledge of any facts that relate to the manner by which any alleged manufacturing defect caused, in whole or in part, Plaintiff's alleged injuries.

12.  Please identify all DOCUMENTS (excluding materials prepared by consultants and experts retained by or on behalf of responding party) which relate to the manner by which any alleged manufacturing defect caused, in whole or in part, Plaintiff's alleged injuries.

13.  If you contend Defendants are liable to Plaintiff on a failure to warn theory, please state, with specificity, the nature of each such failure to warn.

14.  If you contend that Defendants are liable to Plaintiff on a failure to warn theory, please identify with particularity, each alleged hazard of which Defendants should have warned.

15.  If you contend that Defendants are liable to Plaintiff on a failure to warn theory, please identify with specificity the manner in which the alleged failure to warn, in whole or in part, caused Plaintiff's damages.

16.  If you contend that Defendants are liable to Plaintiff on a failure to warn theory, describe specifically and in detail the warning that you claim should have been provided to Plaintiff and the manner in which you claim the warning should have been conveyed to Plaintiff

17.  Please identify all PERSONS (excluding consultants and experts retained by or on behalf of responding party) with knowledge of any facts that relate to your contention that Defendants are liable to Plaintiff for alleged failure to warn.

18.  Please identify all DOCUMENTS (excluding materials prepared by consultants and experts retained by or on behalf of responding party) which relate to your contention that Defendants are liable to Plaintiff for alleged failure to

[PROPOSED] JOINT CASE MANAGEMENT ORDER

warn.

19.  Please identify all DOCUMENTS (excluding materials prepared by consultants and experts retained by or on behalf of responding party) which relate to the alleged hazards of which you contend that Defendants failed to so warn.

20.  Please identify all PERSONS (excluding consultants and experts retained by or on behalf of responding party) with knowledge of any facts which relate to the manner in which the alleged failure to warn, in whole or in part, caused plaintiff's alleged injuries.

21.  Please identify all DOCUMENTS (excluding materials prepared by consultants and experts retained by or on behalf of responding party) which relate to the manner in which the alleged failure to warn, in whole or in part, caused plaintiff's alleged injuries.

22.  Do you contend that the SUBJECT PRODUCT was in violation of any public safety standard?  If so, please:

    a.      State all facts upon which you base such contention;

    b.      Identify all PERSONS with knowledge of the facts which relate to your contention that the SUBJECT PRODUCT was in violation of any public safety standard; and

    c.      Identify all DOCUMENTS that relate to your contention that the SUBJECT PRODUCT was in violation of any public safety standard.

23.   Do you contend that Defendants breached any warranty to you?

24.  If you contend that Defendants breached any warranty to you, please state with particularity the type of warranty that you contend was breached.

25.  If you contend that Defendants are liable to you for breach of any warranty, please state all facts that you contend establish any breach of warranty.

26.  Please identify all PERSONS (excluding consultants and experts retained by or on behalf of responding party) with knowledge of any facts that

- 23 -

relate to your contention that Defendants are liable to you on a theory of breach of warranty.

27.  Please identify all DOCUMENTS (excluding materials prepared by consultants and experts retained by or on behalf of responding party) which relate to your contention that Defendants are liable to you on a theory of breach of warranty.

## XI.  **DOCUMENTS**

Attach the following documents to this response; to the extent such documents are currently in your possession or in the possession of your lawyers:

1.     All videotapes and photographs of the scene of the INCIDENT.

2.     All videotapes and photographs that depict all of the personal injuries you claim to have sustained in the INCIDENT.

3.     All videotapes and photographs that depict the current personal injuries you claim to have sustained in the INCIDENT.

4.     Copies of all DOCUMENTS relating to the acquisition, purchase and ownership of the SUBJECT PRODUCT.

4.     Copies of all written materials that accompanied the SUBJECT PRODUCT, including all warnings, directions, instructions, User Guides, and recipe books.

5.     Copies of all medical records from any HEALTH CARE PROVIDER who treated you for any injury, condition, or symptom suffered as a result of the INCIDENT.

6.     To the extent you are claiming a mental or emotional injury over and above that usually associated with the physical injuries claimed as a result of the accident, a copy of all medical or other records from any HEALTH CARE PROVIDER who treated you for any mental or emotional injury, condition, or symptom suffered as a result of the INCIDENT.

7.     If you claim any loss from medical expenses, copies of all bills from all of your HEALTH CARE PROVIDERS.

8.     If you claim you have suffered a loss of earnings or earning capacity, all DOCUMENTS, excluding federal tax returns, which support such claim.

## XII.     <u>RULE 26 INITIAL DISCLOSURES</u>

**Persons:**

1.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**Documents:**

2.     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**Computation of Damages:**

3.     A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**EXHIBIT 2**

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS**

**PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

PATIENT NAME: _____

SOCIAL SECURITY NUMBER: _____

DATE OF BIRTH: _____

I hereby authorize _____, to release all existing medical records and information regarding the above-named person's medical care, treatment, physical condition(s) and/or medical expenses revealed by observation or treatment past, present and future; and to release all existing records and information regarding the above-named person's treatment, condition(s) and/or expenses revealed by observation or treatment past, present and future to the following law firms:  Yoka & Smith, LLP, 445 South Figueroa Street 38th Floor, Los Angeles, CA 90071; Lewis Brisbois Bisgaard & Smith, 633 West 5th Street, Suite 4000, Los Angeles, CA 90071; and, any other law firm that are counsel of record for a defendant in the above-referenced lawsuit.

These records shall be used solely in connection with the currently pending litigation involving the person named above.  This authorization shall case to be effective as of the date on which this litigation concludes.

The type or amount of specific information to be released, used and disclosed includes, but is not specifically limited to:  any and all medical records (including all written and typewritten notes, face sheets, telephone messages, problem and medication lists, and laboratory results), reports, x-rays, CT scans, labor and delivery records, EKG and ECG reports and strips, MRIs, , discharge summaries, informed consent forms, notes, histories, diagnosis, function status, treatment plans, symptoms, prognosis, progress, therapy records, photographs, videotapes, myelograms, prescriptions, psychiatric treatment and counseling records, psychological treatment

and counsel records, narratives, bills, insurance records, claim forms, Medicare or Medicaid records and other public assistance claim forms, applications, statements, eligibility material, claims or claim disputes, resolution and payment, excerpts or abstracts of any records or other information or documents in your custody or under your control regarding the above-named patient, and all other medical records and billing records the evidence services provided.

I understand that I have the right to revoke in writing my consent to this authorization at any time, expect to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition(s) of obtaining insurance coverage.  I understand that if I choose to revoke this authorization, I must do so in writing and present my written revocation to the health information management department for the entity identified in paragraph one and/or my attorneys of record to be forward to all counsel in this matter. I understand the revocation will not apply to information that has already been released in response to this authorization.

I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that the information disclosed pursuant to this authorization may be subject to re-disclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and other deemed necessary by the recipient to assist in this litigation.

I further understand that a copy of any records obtained subject to the request and/or authorization will be provided to Plaintiffs' counsel.

A photocopy of this authorization is to be considered as valid as the original and may be submitted in its place.

Dated this _____day of _____, 20___

Patient's Signature : _____Print Name:_____

**EXHIBIT 3**

**AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS**

EMPLOYEE NAME: _____

SOCIAL SECURITY NUMBER: _____

DATE OF BIRTH: _____

I, _____, hereby authorize

_____ to release, disclose and produce my individually identifiable employment records/history as described below to YOKA & SMITH, LLP, LEWIS BRISBOIS BISGAARD & SMITH, or either's respective agent, _____, which may include information concerning my health history including communicable diseases such as Human Immunodeficiency Virus ("HIV") and Acquired Immune Deficiency Syndrome ("AIDS"), chemical dependency, laboratory test results, medical history, behavioral and/or mental health history, treatment, billing, insurance or any other such related information.  I understand that this authorization is voluntary and I may refuse to sign this authorization.

The information to release shall include, but not be limited to:  Personnel records, payroll records, employment applications, performance evaluations, attendance records, pay increase records, correspondence, memoranda, employee benefits, fringe benefits, profit sharing, retirement and/or pension benefits, health, dental, vision, life insurance and disability benefits records, employer/employee investment plans, stock plans, savings plans, thrift plans, 401K, deferred compensation, supplemental excess benefit plans, and any other written information of whatever nature, kind or description irrespective of date, including any records/documents that may be stored digitally and/or electronically from 20__ to 20__.

This information is to be used for purposes of review, investigation or

[PROPOSED] JOINT CASE MANAGEMENT ORDER

evaluation of a claim currently being made by me as the result of an accident or injury that is alleged to have occurred on _____.

This authorization shall be in force and effect for the duration of this litigation, and upon completion of this lawsuit the authorization will expire.  I understand that I have the right to revoke this authorization, in writing, by sending written notification to YOKA & SMITH, LLP at 445 South Figueroa Street, 38th Floor, Los Angeles, California, 90071, (213) 427-2300, or LEWIS BRISBOIS BISGAARD & SMITH, 633 West 5th Street, Suite 4000, Los Angeles, CA 90071, (213) 250-1800. I understand that a revocation is effective only after the provider of the information actually receives written notice of the cancellation.  I further understand that the authorization may only be revoked up until such time as the records have been released to the requesting party.

I understand this authorization is voluntary.  All records released under the authorization may be subject to re-disclosure by the recipient and may no longer be protected under HIPAA. However, under California Civil Code section 56.13, further use or disclosure of this information is prohibited unless another authorization is obtained or unless such use of disclosure is specifically required or permitted by law.

A photocopy of this release shall have the same force and effect as the original.  These records are being requested on behalf of the individual signing below.  The person signing this document may receive a copy of this authorization at their request

_____

Signature of Employee   Date

_____

Print full name of Employee

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 27, 2019

**YOKA & SMITH, LLP**

By:  /s/  DAVIDA M. FRIEMAN
Walter M. Yoka
David T. McCann
R. Bryan Martin
Alice Chen Smith
Davida M. Frieman


**LEWIS BRISBOIS, LLP**

By:  /s/ JEFFREY STOLTZ
Steven E. Meyer
Jeffrey B. Stoltz

Attorneys for Defendants,
Nutribullet, LLC; Capital Brands, LLC;
Homeland Housewares, LLC; Call To
Action, LLC; and Nutriliving, LLC


**ABIR COHEN TREYZON SALO, LLP**

By:  /s/ AARON LAVINE
Boris Treyzon
Douglas Rochen
Aaron Lavine
Attorneys for Plaintiff


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

DATED: _____

_____
Dean D. Pregerson
United States District Judge